IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2007

## JASPER LEE VICK v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0183     Joseph H. Walker, III, Judge**

---

**No. W2006-02172-CCA-R3-HC  - Filed January 8, 2008**

---

On appeal, Petitioner, Jasper Lee Vick, argues that the trial court erred in summarily dismissing his petition for writ of habeas corpus relief. In his petition, Petitioner alleged that the trial court improperly determined that Petitioner was a Range II, multiple offender, for the purpose of determining the length of his sentences for especially aggravated kidnapping and sexual battery. After review, we conclude that Petitioner has failed to state a ground for which habeas corpus relief is available. Accordingly, we affirm the trial court's dismissal of Petitioner's petition for writ of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Jasper Lee Vick, Whiteville, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and James Pentecost, Jackson, Tennessee, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

Following a jury trial, Petitioner was convicted of one count of especially aggravated kidnapping, two counts of aggravated kidnapping, and one count of sexual battery. The trial court merged Petitioner's two convictions for aggravated kidnapping into his conviction for especially aggravated kidnapping. At the sentencing hearing, the State requested that Petitioner be sentenced as a Range II, multiple offender, based on Petitioner's prior convictions. These convictions included Petitioner's 1973 conviction in South Carolina for the offense of assault and battery of a high and aggravated nature. The trial court found that the South Carolina offense was analogous to a Class C felony in Tennessee. *See* T.C.A. § 40-35-106(b)(5) ("Prior convictions include convictions under

the laws of any other state . . . which, if committed in this state, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given.").

On appeal, a panel of this Court affirmed Petitioner's convictions. *State v. Jasper L. Vick*, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at \*7 (Tenn. Crim. App., at Jackson, Mar. 22, 2006). We concluded, however, that the trial court had failed to conduct the statutory analysis necessary to determine if Petitioner's 1973 South Carolina conviction was analogous to a felony offense under Tennessee's law as it existed at the time the offense was committed. We thus reversed the trial court's judgments insofar as they imposed Range II sentencing, and remanded for a new sentencing hearing. *Id.*, 2006 WL 722173, at \*11.

Upon remand, the State introduced a certified copy of Defendant's South Carolina indictment for assault and battery with intent to kill, and a certified copy of the original arrest warrant and affidavit. Based on these documents, the trial court again sentenced Petitioner as a Range II, multiple offender. Petitioner again appealed the trial court's range classification. Petitioner also filed his petition for writ of habeas corpus relief raising the same issues concerning his range classification.

While Petitioner's habeas corpus case was on appeal, a panel of this Court reversed the trial court's determination that Petitioner is a Range II, multiple offender, for sentencing purposes, and remanded the matter for Petitioner to be sentenced as a Range I, standard offender. *State v. Jasper L. Vick*, No. W2006-01606-CCA-R3-CD, 2007 WL 1836052 (Tenn. Crim. App., at Jackson, June 26, 2007), *no perm. to appeal filed*.

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Id.* at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id.* at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn.999); *Dykes*, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn.2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App.

1994), *superceded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

Petitioner argues that his sentence is void because the trial court improperly enhanced his sentence on the basis of a 1973 conviction. Alternatively, Petitioner argues that the trial court's use of the 1973 conviction to enhance his sentence illegally "expanded the Court's jurisdiction and greatly increased the Judge's authority by changing the statute." Finally, Petitioner contends that the trial court's sentencing determinations violated due process principles thereby depriving the court of "jurisdiction and authority."

Regardless of the various ways in which Petitioner phrases his habeas corpus claim, the thrust of his claim rests on his contention that the trial court erred in again sentencing him as a Range II, multiple offender. As noted above, Petitioner's challenge to his range classification has been the subject of two sentencing hearings and two direct appeals. Nonetheless, Petitioner's claim that his sentence as a Range II multiple offender is illegal is not cognizable in a habeas corpus proceeding. *Cecil Collins v. State*, No. 03C01-9805-CR-00192, 1999 WL 544658, *1 (Tenn. Crim. App., at Knoxville, July 28, 1999), *perm. to appeal denied* (Tenn. Nov. 22, 1999); *George Edward French v. Bell*, No. 01C01-9801-CR-00022, 1999 WL 8277, *1 (Tenn. Crim. App., at Nashville, Jan. 12, 1999), *perm. to appeal denied* (Tenn. June 21, 1999). Furthermore, Tennessee Code Annotated section 40-35-401(a) provides in part that "[t]here is no appellate review of the sentence in a post-conviction or *habeas corpus* proceeding." (Emphasis added).

We find nothing appearing on the face of the judgment to indicate that the sentencing court lacked the statutory authority or jurisdiction to render the judgment. *See Dykes*, 978 S.W.2d at 529 (citing *Archer*, 851 S.W.2d at 161).

We note that on appeal, Petitioner has argued additional grounds for habeas corpus relief which were not presented to the habeas court. Issues that were not presented to the habeas court will not be considered for the first time on appeal. *See State v. Turner*, 919 S.W.2d 346, 356 (Tenn. Crim. App. 1995) (observing that issues not raised or litigated in the trial court are waived). Therefore, these issues are deemed waived.

## CONCLUSION

Accordingly, we conclude that the trial court did not err in summarily dismissing Petitioner's petition for writ of habeas corpus.

_____

THOMAS T. WOODALL, JUDGE