**STATE of Tennessee, Appellee,**

v.

**Jessee James BROOKS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 12, 1997.

Permission to Appeal Denied by Supreme Court March 9, 1998.

reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

James T. Bowman, Johnson City, Tennessee, for Appellant.

John Knox Walkup, Attorney General & Reporter, Timothy F. Behan, Assistant Attorney General, Nashville, Greeley Wells, Jr., District Attorney General, Edward E. Wilson, Assistant District Attorney General, Blountville, Tennessee, for Appellee.

**OPINION**

RILEY, Judge.

The defendant, Jessee J. Brooks, appeals as of right his sentence from a jury conviction for aggravated robbery. The defendant was sentenced for this Class B felony to fifteen (15) years as a Range II offender. The sole issue presented for review is whether the defendant is a Range I or Range II offender. At the sentencing hearing, the state urged the trial court to elevate the defendant to Range II status based upon three pre–1989 Virginia convictions for grand larceny. Arguing that the Virginia convictions were equivalent, at most, to Class E felonies, defense counsel requested that defendant be sentenced as a Range I offender. The trial court determined that defendant was a Range II offender. We AFFIRM the judgment of the trial court.

**I.**

Defendant insists that he should be classified as a Range I offender. In order to determine the appropriate classification for out-of state offenses, he contends that the trial court was required to compare the elements of the out-of-state offense to presently existing Tennessee law. The state argues that the focus of the case is not Tennessee law as it currently exists, but Tennessee law prior to 1989.

We are guided by Tenn.Code Ann. § 40–35–106(a)(1) which states that to be classified as a Range II multiple offender, a defendant must have "a minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." When applying out-of-state convictions to determine the applicable sentencing range, the code further provides:

> Prior convictions include convictions under the laws of any other state, government or country which, if committed in this state, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given.

Tenn.Code Ann. § 40–35–106(b)(5).

At the sentencing hearing certified copies of three convictions were stipulated and admitted into evidence. The offenses were committed in Virginia on June 1, June 15, and August 3, 1988. In 1988, Tennessee and Virginia recognized theft of property over $200 as "grand larceny." Tenn.Code Ann. § 39–3–1103 (Repl. November 1, 1989); Va.Code Ann. § 18.2–10. For purposes of classification of felonies committed prior to November 1, 1989, grand larceny is a Class D felony. Tenn.Code Ann. § 40–35–118. The appropriate analysis of prior convictions

is under Tennessee law as it existed at the time of the out-of-state conviction. *See State v. Jerry G. Norrid,* C.C.A. No. 01C01–9507–CC–00225, Coffee County, 1996 WL 374107 (Tenn.Crim.App. filed July 5, 1996, at Nashville). The 1988 Virginia grand larceny convictions are the equivalent of 1988 Tennessee grand larceny convictions. They are classified as Class D felonies pursuant to Tenn. Code Ann. § 40–35–118. Therefore, the defendant has three prior felonies within the two classes below his present conviction. Accordingly, the trial judge properly classified the defendant as a Range II, multiple offender.

The judgment of the trial court is AFFIRMED.

SMITH, J., and CRAFT, Special Judge, concur.