IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 11, 2000

## STATE OF TENNESSEE v. JERRY W. RODGERS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-04098      Chris Craft, Judge**

_____

**No. W1999-01443-CCA-R3-CD - Filed October 11, 2000**

_____

The defendant was convicted of reckless homicide and sentenced to eight years as a Range II, multiple offender. On appeal, the defendant raises the issue of whether the trial court erred in relying on New York convictions as prior felonies in order to sentence him as a multiple offender. After review, we conclude that the record does not support the trial court's finding that the New York convictions qualified as prior felonies for sentencing purposes. Accordingly, we reverse, and remand the case to the trial court for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and CORNELIA A. CLARK, SP.J., joined.

A C Wharton, Jr., Public Defender; Tony N. Brayton, Assistant Public Defender (on appeal); and Mozella Ross, Assistant Public Defender (at trial), for the appellant, Jerry W. Rodgers.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, charged with second degree murder for shooting and killing his older brother, was convicted of reckless homicide. It was undisputed that the defendant had one prior felony conviction in Tennessee, for possession of a prohibited weapon. At sentencing, the trial court considered two New York weapons convictions as additional prior felonies, and sentenced the defendant to eight years as a Range II, multiple offender. The sole issue the defendant raises on appeal is whether the trial court erred in sentencing him as a Range II, multiple offender. Based upon our review, we conclude that there was insufficient proof to support the trial court's finding

that the defendant had the requisite minimum number of prior felony convictions to be classified as a Range II, multiple offender. Accordingly, we remand the matter for resentencing.

## FACTS

On April 17, 1997, the defendant, Jerry W. Rodgers, was indicted for the second degree murder of his older brother, Joe Rodgers. The autopsy revealed that the victim, who was intoxicated at the time of his death, was killed by a single shotgun blast to the chest.

The jury found the defendant guilty of reckless homicide. At the sentencing hearing, held June 17, 1999, the State introduced evidence to show that the defendant had a 1994 Tennessee conviction for possession of a prohibited weapon, a Class E felony. The State also introduced evidence of a large number of convictions in New York, including a 1979 conviction for attempted criminal possession of a weapon in the third degree, apparently a Class E felony in New York, and a 1987 conviction for criminal possession of a weapon in the third degree, a Class D felony. The records indicated that at the trial resulting in his 1987 conviction for criminal possession of a weapon, the defendant had also been convicted of manslaughter in the first and second degree. These manslaughter convictions, however, were later overturned.

Very little information about these convictions was available at the sentencing hearing. The defendant testified that he did not remember the 1979 conviction, and that he had not been in possession of the weapons on which his 1987 and 1994 convictions were based. According to the defendant, "They ain't never found one on me. They always find it someplace else in my location." With regards to the 1987 conviction, the defendant admitted that there had been a death involved, but denied that he was responsible or that he had possessed the gun that was used.

At the conclusion of the sentencing hearing, the trial court found that the defendant was a Range II, multiple offender, based on his undisputed prior Tennessee felony conviction for possession of a prohibited gun, as well as his two prior New York felony convictions for attempted criminal possession of a weapon and criminal possession of a weapon. The trial court found three enhancement factors under Tennessee Code Annotated Section 40-35-114 to be applicable: (1), the defendant's prior criminal record, which the court characterized as "horrible," noting that many of the crimes to which he pled guilty, although reduced to misdemeanors, involved violence, alcohol, or the use of a weapon; (8), the defendant had shown a previous history of unwillingness to comply with the conditions of sentence involving release in the community; and (9), the defendant used a firearm in the commission of the crime. Because of his "horrible" criminal history, the court gave great weight to all three of these factors. The trial court found no relevant mitigating factors. Consequently, the trial court sentenced the defendant to eight years imprisonment.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the trial court erred in sentencing him as a Range II, multiple offender. The defendant admits the prior felony conviction in Tennessee,

but argues that the trial court should not have counted his two New York weapons convictions as prior felonies. The defendant asserts that, because there existed no equivalent named felonies in Tennessee at the time of his New York weapons convictions, the trial court was required to examine the elements of the offenses to determine if they constituted felonies under Tennessee law at the time. The defendant contends that the State failed to produce sufficient information to enable the trial court to make this determination. The defendant asserts that the trial court erroneously based its finding that the New York convictions were felonies on the punishments that had been imposed for those crimes.

The State argues that the trial court did not err in sentencing the defendant as a Range II, multiple offender, insisting that there can be "no doubt" that the 1987 conviction, for which the defendant received a sentence of forty-eight months to seven years, was a felony conviction. The State contends, moreover, that the defendant conceded that the 1987 weapons conviction was a felony. The State further argues that the defendant's criminal record reveals an additional New York felony conviction in 1979 that can be used to support the defendant's classification as a multiple offender. The State asserts that the elements of the New York statute upon which this additional 1979 felony conviction was based are essentially the same as the elements of a Tennessee statute in effect at the time, Tennessee Code Annotated Section 39-6-1713, the violation of which was a felony.

## Standard of Review

When an accused challenges the length, range, or the manner of service of a sentence, this court has the duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210. See State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

## Classification as a Range II Offender

The trial court may sentence a defendant as a Range II, multiple offender when it finds beyond a reasonable doubt that the defendant is a multiple offender. A multiple offender is a defendant who has received "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." Tenn. Code Ann. § 40-35-106(a)(1) (1997). For range enhancement purposes, a "certified copy of the court record of any prior felony conviction, bearing the same name as that by which the

defendant is charged in the primary offense, is prima facie evidence that the defendant named therein is the same as the defendant before the court, and is prima facie evidence of the facts set out therein." Tenn. Code Ann. § 40-35-202(a) (1997).

Tennessee Code Annotated Section 40-35-106(b)(5) states that prior convictions include convictions under the laws of any other state which, if committed in Tennessee, would have constituted an offense cognizable by the laws of this state. In the event that the out-of-state felony is not a named felony in this state, the statute provides that "the elements of the offense *shall* be used by the Tennessee court to determine what classification the offense is given." Tenn. Code Ann. § 40-35-106(b)(5) (1997) (emphasis added). The appropriate analysis of prior out-of-state convictions is under Tennessee law as it existed at the time of the out-of-state conviction. State v. Brooks, 968 S.W.2d 312, 313-14 (Tenn. Crim. App. 1997), perm. app. denied (Tenn. 1998).

Criminal possession of a weapon was not a named felony in Tennessee in 1979 or in 1987. Therefore, in order to utilize the defendant's New York convictions for criminal possession of a weapon as prior felonies for sentencing, the trial court was required to analyze the elements of the offenses, to determine whether they would have constituted felonies under Tennessee law at the time. The trial court relied on New York's classification of the offenses as felonies, and on the fact that the defendant received sentences of more than one year for his violations of the New York statute, to find that the convictions were prior felonies for sentencing purposes. In its analysis of the defendant's 1979 conviction for attempted criminal possession of a weapon, the trial court stated:

> Now, from the law given me by the State–and I have no reason to doubt it–a copy of this attached Exhibit A–criminal possession of a weapon in the third degree is a Class-D felony.
>
> I don't know what an attempt is. But, of course, in Tennessee an attempt would be reduced one letter grade to a Class-E felony, assuming Ds and Es mean the same thing here and in New York.
>
> Looking at the punishment for criminal possession of a weapon in the third degree, he got sixty days but four years and ten months probation. So we know that offense carries at least five years.
>
> He's getting probation for more than a year on that. And so it's criminal–attempt criminal possession of a weapon should be–I should equate it as a Class-E felony since it carries more than a year, pursuant to statute.

The trial court employed similar reasoning to find that the defendant's 1987 New York conviction constituted a felony for sentencing classification purposes:

It clearly says he was tried and found guilty of criminal possession of a weapon third degree, which from the law attached to Exhibit A the State's given me, which I don't have any reason to doubt, is a Class-D felony. Whether that equates to a D or E in Tennessee is not relevant; it is a felony.

Mr. Rodgers got, pursuant to this page 2 document, three and a half to seven years for criminal possession of a weapon. It does not say third degree. But earlier in the document on the same page it does say third degree. And the fact that he got three and a half to seven years means that it's got to be a felony.
. . . .

So even if the second–even if the criminal attempt possession of a weapon third degree turned out to be a misdemeanor, we would still have two felony convictions.

The Court finds, therefore, by a preponderance of the evidence he's got three prior felony convictions. Whether Ds or Es, it makes no difference. He's charged with a D.

Since the procedure set forth in Tennessee Code Annotated Section 40-35-106(b)(5) for analyzing an out-of-state conviction for which there is no named equivalent felony in Tennessee was not utilized, we must review this issue *de novo*, with no presumption of correctness given to the trial court's findings.

The defendant's 1979 and 1987 convictions were both based on violations of New York Penal Law Section 265.02. This statute states that a person is guilty of "criminal possession of a weapon in the third degree," a Class D felony, if he violates any one of a number of different subsections contained within the statute. Thus, an individual can be convicted of a Class D felony under New York Penal Law Section 265.02 if he, *inter alia*: (1) "commits the crime of criminal possession of a weapon in the fourth degree" and "has been previously convicted of any crime;" or (2) "possesses any explosive or . . . firearm silencer, machine-gun or any other firearm or weapon simulating a machine-gun . . .;" or (3) "knowingly has in his possession a machine-gun or firearm which has been defaced for the purpose of concealment or prevention of the detection of a crime . . .;" or (4) "possesses any loaded firearm," except when "such possession takes place in such person's home or place of business." N.Y. Penal Law § 265.02 (McKinney 1974).[1]

The State had the burden of proof to establish the sentencing status of the defendant. In this case, the State filed a notice of its intent to seek an enhanced punishment, to which it attached a

---

[1] Apparently, this statute was amended in 1980 so that possession of twenty or more firearms was, also, a criminal offense.

certified copy of the defendant's New York "Criminal History Record Information" report. Included within the New York criminal history report was information about the defendant's 1979 and 1987 convictions, containing arrest dates, the New York Penal Law section upon which the arrests were based, the disposition of the cases, and the punishment that was imposed. The underlying facts of those convictions, however, were provided neither in the report, nor at the sentencing hearing. The record does not establish which portion of this statute the defendant was convicted of violating in 1979 or 1987. Without such information, it is impossible to determine whether the defendant's acts in New York that led to his felony conviction under New York Penal Law Section 265.02 would have constituted a felony in Tennessee.[2]

In its brief, the State acknowledges that it "would prove extremely difficult, at best" to analyze the elements of the New York statute with those of any comparable Tennessee statute, "especially given the absence of the underlying facts of the conviction." We agree with that statement. The State argues, however, that such an analysis is unnecessary. The State contends that the defendant's lawyer conceded, at sentencing, that the defendant's 1987 New York conviction was a felony for purposes of sentencing. We disagree. Our review of the transcript of the sentencing hearing reveals that, while the defendant's lawyer conceded that the defendant's conviction was a felony in New York, she did not concede that it would have constituted a felony conviction in this state.

The State also argues that the defendant's New York criminal record shows another felony conviction upon which the trial court could have relied to find that the defendant had the requisite number of prior felonies to qualify as a multiple offender. The State points to the defendant's 1979 conviction for violation of New York Penal Law Section 265.10, prohibiting the "manufacture, transport, disposition and defacement of weapons and dangerous instruments and appliances." The State asserts that the elements of that offense are analogous to those of a Tennessee statute in effect at the time, Tennessee Code Annotated Section 39-6-1713, which made it a felony to manufacture, import, purchase, possess, sell, or dispose of a sawed-off shotgun, sawed-off rifle, or machine gun.

However, as with the statute governing the criminal possession of a weapon in the third degree, this New York statute provides that an individual can be convicted for violating any one of a number of different subsections contained within the statute. Only one of those subsections contains elements analogous to those of Tennessee Code Annotated Section 39-6-1713. Once again, we have no means of determining if the defendant's conviction under the New York statute was based on an action which would have resulted in a conviction under Tennessee Code Annotated Section 39-6-1713.

## CONCLUSION

---

[2]For instance, we note that subsection (4) of the New York statute, making it a felony for an individual to possess a loaded firearm in a location other than his home or business, would have constituted a misdemeanor in Tennessee in 1987, under Tennessee Code Annotated Section 39-6-1701.

We conclude that the trial court improperly classified and sentenced the defendant as a Range II, multiple offender. Therefore we reverse, and remand the case to the trial court for resentencing.

_____

_____
ALAN E. GLENN, JUDGE