IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

## STATE OF TENNESSEE v. DANIEL ROSS McCLELLAN

**Appeal from the Criminal Court for Hawkins County**
**No. 07CR0247      John F. Dugger, Jr., Judge**

_____

**No. E2009-00698-CCA-R3-CD - Filed July 8, 2010**

_____

The Defendant, Daniel Ross McClellan, was convicted of rape of a child, a Class A felony, and incest, a Class C felony. He was sentenced as a Range II, multiple offender to serve forty years as a child rapist for the rape conviction and ten years for the incest conviction, with the sentences to be served concurrently. On appeal, he argues that the trial court erred in sentencing him as a multiple offender. We hold that the trial court properly sentenced the Defendant as a Range II offender for the incest conviction but erred in sentencing him as a Range II offender for the rape of a child conviction. We remand the case to the trial court for resentencing in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
Affirmed in Part; Reversed in Part; and Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Gerald T. Eidson, Rogersville, Tennessee, for the appellant, Daniel Ross McClellan.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; J. Douglas Godbee and Alex Pearson, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The Defendant's convictions are the result of sexual assaults committed against his daughter, S.M.,[1] the victim. The State's proof at trial established that in 1995, the victim and her three brothers lived with their grandmother, Mary Voss, in Mooresburg, and the

---

[1] It is the policy of this court to refer to victims of sexual abuse by their initials only.

Defendant and his wife, Voss's daughter, lived in a trailer behind the Cloud 9 fertilizer plant. On occasions in 1995 when the victim was five years old and visiting the Defendant at his trailer, the Defendant molested the victim. The incidents occurred in the bedroom and the bathroom, but primarily in the bathroom. The Defendant "would pick [the victim] up and set [her] on his shoulders and he would stick his tongue in [her] vagina" and move it around. The victim referred to her vagina as her "turtle" when she was younger.

On one occasion, when she was six or seven years old, one of the victim's brothers, Thomas, walked in on the Defendant molesting the victim. Thomas saw the victim lying on a bed and the Defendant "[l]icking her privates," or vagina. When the Defendant saw that Thomas was in the room, he physically kicked Thomas out of the room and out of the trailer.

Meanwhile, Voss noticed that when she bathed the victim following a visit with the Defendant, the victim said her "turtle" burned and that the area was very red and irritated. Voss became aware that something might have happened to the victim when a neighbor overheard a conversation between the victim and Voss's other granddaughter. Voss took the victim to the Department of Human Services (DHS) and also to the sheriff's department. The Defendant and his wife moved to North Carolina for a period of three years, and Voss notified the authorities immediately upon the Defendant's return to Hawkins County.

The State presented evidence that the sheriff's department prepared an offense report in this matter on November 1, 1995. According to DHS records, the victim was referred to DHS on December 29, 1995, and sent to Greeneville Women's Clinic for a medical examination on January 10, 1996. The records indicated that a Child Protective Investigative Team believed that an incident occurred but that the perpetrator was "unfounded." The records further indicated that the team was unable to interview the alleged perpetrator because he moved to North Carolina before an interview could be completed.

On April 26, 2007, the Defendant voluntarily appeared at the Hawkins County Sheriff's Department and gave a statement to Detective Randall Collier about an incident with the victim in 1995. In his statement, the Defendant said that one day when he lived in a trailer in the Cloud 9 area, he took the victim into a bedroom, removed her clothes, and started kissing and licking her vagina. He said that this went on for a couple of minutes and that his son, Thomas, walked in.

The following day, the Defendant gave a statement to Detective Cliff Evans of the Hawkins County Sheriff's Department, in the presence of Detective Jeff Greer. In that statement, the Defendant said that his wife's nieces had made allegations against him but that he did not remember having done anything to them. He stated that the only child he

could remember doing anything to was his daughter, S.M., in Hawkins County. The Defendant admitted that he had a "serious problem" when it came to little girls.

The Defendant testified that in late 1995 or early 1996, he went to North Carolina to see his brother and "was pulled over while driving on a revoked, and . . . was stranded there" for approximately three years. His going to North Carolina had nothing to do with the victim's allegations. The Defendant admitted meeting with the various detectives but said, "I never said anything. Everything was written up and I just signed it, and that was done under duress." The Defendant denied ever touching the victim's private parts or kicking his son out the door of his trailer. On cross-examination, the Defendant denied having a fascination with young girls.

The jury found the Defendant guilty of the charged offenses of rape of a child and incest. The jury found that the following enhancement factors in effect at the time were applicable: the personal injuries inflicted upon the victim were particularly great, T.C.A. § 40-35-114(6) (Supp. 2004); the offense involved a victim and was committed to gratify the Defendant's desire for pleasure or excitement, id. § 40-35-114(7); and the Defendant abused a position of private trust. Id. § 40-35-114(15). The jury did not find any mitigating factors applicable.

At the sentencing hearing, the State urged the court to sentence the Defendant as a multiple offender and introduced certified copies of two judgments from Bradford County, Florida, a 1983 conviction for lewd assault and a 1984 conviction for attempted lewd assault. Acknowledging that Tennessee does not have the felonies of lewd assault or attempted lewd assault, the court looked at the elements listed in the indictments and determined that the offenses were the equivalent of aggravated sexual battery and attempted aggravated sexual battery. The court determined that the Defendant qualified as a multiple offender and sentenced him as such to forty years for the rape of a child conviction and to ten years for the incest conviction.

On appeal, the Defendant argues that the trial court erred in sentencing him as a multiple offender because the trial court compared the elements of the out-of-state convictions to current Tennessee law, not Tennessee law as it existed at the time of the prior convictions. In reviewing the issue, we consider the sentencing law as it applied at the time of the Defendant's offenses. Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d) (2003) and -402(d) (1997). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper

weight to the factors and principles that are relevant to sentencing, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994); see T.C.A. § 40-35-210(e) (1991 & Supp. 1995).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102 (2003), -103 (2006), -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986).

The trial court may sentence a defendant as a Range II, multiple offender when it finds beyond a reasonable doubt that the defendant has received "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." T.C.A. § 40-35-106(a)(1) (2003).

> Prior convictions include convictions under the laws of any other state, government, or country which, if committed in this state, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to

determine what classification the offense is given.

T.C.A. § 40-35-106(b)(5) (2003). "The appropriate analysis of prior convictions is under Tennessee law as it existed at the time of the out-of-state conviction." State v. Brooks, 968 S.W.2d 312, 313-14 (Tenn. Crim. App. 1997).

The trial court did not refer to the Tennessee statutes in effect at the time of the Florida offenses. Instead, it examined the Tennessee aggravated sexual battery statute as it existed at the time of sentencing. However, the elements of aggravated sexual battery were essentially the same in 1983 as at the time of sentencing. Aggravated sexual battery is presently defined as the "unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances: . . . (4) The victim is less than thirteen (13) years of age." T.C.A. § 39-13-504(a) (2006). Aggravated sexual battery is a Class B felony. Id. § 39-13-504(b). In 1983, aggravated sexual battery was defined as "unlawful sexual contact with another accompanied by any of the circumstances listed in § 39-2-603(a)." T.C.A. § 39-2-606 (1982) (repealed 1989). The accompanying circumstances included, "The victim is less than thirteen (13) years of age." T.C.A. § 39-2-603(a)(4) (1982) (repealed 1989). For classification purposes, aggravated sexual battery, a Class X felony in 1983, would currently be considered a Class B felony. See T.C.A. § 40-35-118 (2006). Thus, the Defendant was not prejudiced by the trial court's not applying 1983 law with regard to the Defendant's 1983 conviction.

Turning to the Defendant's 1984 Florida conviction for attempted lewd assault, the trial court determined that the Tennessee equivalent was attempted aggravated sexual battery, a Class C felony. However, in 1984, Tennessee did not classify attempts in the same manner as at the time of sentencing in the present case. Presently, "[c]riminal attempt is an offense one (1) classification lower than the most serious crime attempted[.]" T.C.A. § 39-12-107(a) (2006). In 1984, the statute addressing an attempt to commit a felony stated:

> If any person attempts to commit any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one year, and by fine not exceeding five thousand dollars ($5,000).

T.C.A. § 39-1-501 (1982) (repealed 1989). An attempt to commit a felony was considered a felony. See Rafferty v. State, 16 S.W. 728, 728 (Tenn. 1891) (stating that "[t]he fact that the punishment for the attempt is in the alternative . . . does not make it any less an offense

punishable by imprisonment in the penitentiary, or take from it the characteristic of a felony"); see also State v. Standard Oil Co. of Kentucky, 110 S.W. 565, 579-80 (Tenn. 1908). An attempt to commit a felony would currently be considered a Class E felony. See T.C.A. 40-35-118 (2006). In addition, there was a specific statute that proscribed an "[a]ssault with intent to commit or attempt to commit sexual battery." T.C.A. § 39-2-608(b) (1982) (repealed 1989). An assault with intent to commit or attempt to commit sexual battery would currently be considered a Class E felony. See T.C.A. 40-35-118 (2006).

We are unable, however, to determine whether the Defendant's Florida conviction for attempted lewd assault would qualify as an assault with intent to commit or attempt to commit sexual battery, or as an attempt to commit a felony. We are unable to make this determination because, as noted by the Defendant, the record does not contain a statement of facts to which the Defendant pled nolo contendere. Instead, the record contains only the facts recited in the information charging him with sexual battery upon a child eleven years old or younger, and he pled to a lesser charge. "'The determinative factor is the elements of the conviction offense, not the facts or the elements of the originally charged offense.'" State v. Vick, 242 S.W.3d 792, 795 (Tenn. Crim. App. 2007) (quoting State v. Jasper L. Vick, No. W2005-00467-CCA-R3-CD, Shelby County, slip op. at 12 (Tenn. Crim. App. Mar. 22, 2006)) (emphasis in original).

Because the proof failed to establish the elements of the Florida attempted lewd assault conviction, the issue becomes one of the sufficiency of the State's proof beyond a reasonable doubt that the Defendant qualified as a Range II offender for the two convictions for which he was sentenced in this case. The proof is sufficient to show beyond a reasonable doubt that the Defendant's lewd assault conviction was the equivalent of assault with intent to commit or attempt to commit sexual battery, see T.C.A. § 39-2-608(b) (1982) (repealed 1989), the equivalent of a Class B felony. Conviction of a Class B felony qualifies as one prior conviction for Range II classification purposes for the Defendant's present convictions of Class A and Class C felonies. See T.C.A. § 40-35-106(a)(1) (2006). The proof shows beyond a reasonable doubt that the Defendant's Florida conviction for attempted lewd assault was either the equivalent of assault with intent to commit or attempt to commit sexual battery, a Class E felony, or the equivalent of attempt to commit a felony, also a Class E felony. See T.C.A. § 39-1-501 (1982) (repealed 1989). Under either circumstance, the Defendant has the requisite two prior convictions of the same, higher, or within two lower classifications necessary for Range II sentencing for his incest conviction. However, for his rape of a child conviction, the proof shows that the prior attempted lewd assault conviction was the equivalent of a Class E felony. See Vick, 242 S.W.3d at 796. Thus, the State failed to prove beyond a reasonable doubt that the Defendant was a Range II offender for this offense. As a result, we must remand for the trial court to resentence the Defendant as a Range I offender for rape of a child conviction. See id.

In consideration of the foregoing and the record as a whole, the judgment of the trial court for rape of a child is reversed, and the case is remanded for resentencing the Defendant as a Range I offender. The judgment for the incest conviction is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE