IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2017

## STATE OF TENNESSEE v. LAYLON WARD, JR.

**Appeal from the Circuit Court for Dyer County**
**No. 16-CR-68        R. Lee Moore, Jr., Judge**

_____

## No. W2017-00736-CCA-R3-CD

_____

The Defendant, Laylon Ward, Jr., was convicted by a Dyer County jury of reckless aggravated assault. The trial court sentenced the Defendant as a Range II, multiple offender to eight years in the Tennessee Department of Correction. On appeal, the Defendant challenges his classification as a Range II offender, arguing that the trial court erred in considering two previous convictions as felonies. After a review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

James E. Lanier, District Public Defender; and Patrick McGill, Assistant District Public Defender, for the appellant, Laylon Ward, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

Although the trial transcript is not included in the appellate record, we glean from the record that the Defendant and the victim, Mr. Tim Nicolson, were involved in an altercation during which the Defendant employed the use of a firearm. The victim was injured during the altercation, resulting in the loss of his left arm. The Defendant was

indicted on attempted first degree premeditated murder on Count 1, aggravated assault with serious bodily injury on Count 2, and aggravated assault with a deadly weapon on Count 3. The jury returned a verdict of guilty for the lesser included offense of reckless aggravated assault on Count 2 and verdicts of not guilty on Counts 1 and 3.

At a subsequent sentencing hearing, the State asked that the Defendant be sentenced as a Range II, multiple offender based on the Defendant's 2004 South Carolina conviction for harboring a fugitive and 2003 South Carolina conviction for assault and battery of a high and aggravated nature. Defense counsel conceded that the assault and battery conviction would constitute a felony under Tennessee law.

The fifty-nine-year-old victim testified that he was unarmed when the altercation with the Defendant began but that he armed himself with a shovel at some point during the altercation. The victim sustained an injury that resulted in the loss of his left arm. He testified that he could no longer ride a motorcycle and that daily tasks were difficult to accomplish. The victim asked that the Defendant receive the maximum sentence.

The Defendant testified that during the altercation, the victim almost broke the Defendant's arm with a shovel. The Defendant voiced his frustration that a photograph depicting a bruise to his arm was not admitted during the trial or sentencing hearing. The trial court informed the Defendant that both the State and defense counsel agreed that the Defendant suffered a bruise to his arm, and the Defendant merely responded that "a picture is worth a thousand words." The Defendant acknowledged that his arm never bled, that he never went to the hospital, and that he told medical personnel that his arm was not broken.

The Defendant also testified that he had only pleaded guilty to misdemeanors and never any felonies. On cross examination, the Defendant acknowledged that he entered a guilty plea to assault and battery of a high and aggravated nature in South Carolina, but he maintained that the conviction was a misdemeanor. He agreed that he was sentenced to three years of probation for the conviction and that his probation was revoked twice. On redirect examination, defense counsel asked the Defendant if he remembered a discussion he had with defense counsel wherein the Defendant was informed that the assault and battery conviction was in fact a felony but that the Defendant was merely unaware of it when entering his plea, and the Defendant denied that defense counsel discussed this with him.

The trial court reviewed the elements of harboring a fugitive under South Carolina law and compared it with the elements of accessory after the fact under Tennessee law, concluding that harboring a fugitive would qualify as a felony in Tennessee. The court determined that because both the harboring a fugitive conviction and the assault and

battery of a high and aggravated nature conviction would be felonies in Tennessee, the Defendant qualified as a Range II offender. The trial court sentenced the Defendant to serve eight years in the Department of Correction. The Defendant timely appeals.

## ANALYSIS

The Defendant's sole contention on appeal is that the trial court erred in classifying him as a Range II, rather than a Range I, offender. He specifically argues that his South Carolina convictions for harboring a fugitive and assault and battery of a high and aggravated nature were improperly considered felonies. The State responds that the Defendant conceded during the sentencing hearing that the Defendant's conviction for assault and battery conviction would be a felony in Tennessee. The State also maintains that the trial court properly determined the conviction for harboring a fugitive would qualify as a felony under Tennessee law. We agree with the State.

A trial court's sentencing decisions are generally reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences that reflect a proper application of the purposes and principles of sentencing. *State v. Bise*, 380 S.W.3d 682, 707-08 (Tenn. 2012); *see also State v. Joseph Cordell Brewer, III*, No. W2014-01347-CCA-R3-CD, 2015 WL 4060103, at *7-8 (Tenn. Crim. App. June 1, 2015) (applying an abuse of discretion standard to trial court's determination of range classification). A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the party complaining. *State v. Herron*, 461 S.W.3d 890, 904 (Tenn. 2015).

A Range II, multiple offender includes a defendant who has received "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." T.C.A. § 40-35-106(a)(1). Prior convictions include convictions under the laws of another state which would have constituted a cognizable offense if committed in Tennessee. T.C.A. § 40-35-106(b)(5). Where a felony from another state is not a named felony in Tennessee, "the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given." *Id.* The court is to analyze the prior out-of-state conviction under Tennessee law as it existed at the time of the out-of-state conviction. *State v. Brooks*, 968 S.W.2d 312, 313-14 (Tenn. Crim. App. 1997). The trial court must determine beyond a reasonable doubt that the defendant has the requisite number of prior felonies to qualify as a Range II, multiple offender. T.C.A. § 40-35-106(c).

The Defendant here appeals the trial court's consideration of his South Carolina convictions for harboring a fugitive and assault and battery of a high and aggravated

nature as prior felony convictions. The Defendant argues that "these convictions were not entered into the record at the sentencing hearing." It appears from the record that a document referred to by the trial court as "the investigation report from the Department of Correction[]" was entered into evidence as Exhibit 1. The only exhibits included in the record on appeal, however, are a series of photographs that were admitted as exhibits in the jury trial. The record was supplemented with the State's notice to seek enhanced punishment and the attachments, which included the indictments, arrest warrants, and judgments of the Defendant's prior South Carolina convictions. We note that it is the duty of the Defendant to provide an adequate record for our review. Tenn. R. App. P. 24(b). Nevertheless, the sentencing hearing transcript indicates that the trial court reviewed the documents in the supplement when making its sentencing determinations; we likewise rely on the South Carolina judgments in the supplemented record. *See State v. Kevin L. Buford, Sr.*, No. M2010-01618-CCA-R3-CD, 2012 WL 1895953, at *30 (Tenn. Crim. App. May 24, 2012) (accepting supplemental record of defendant's prior convictions after trial court acknowledged that it reviewed the judgments when making sentencing determinations).

At the time the Defendant committed the offense, harboring a fugitive in South Carolina required a person to "harbor or conceal any person for whose arrest a warrant or other process shall have been issued, so as to prevent his discovery and arrest, after notice or knowledge of the fact of the issuing of such warrant or other process." S.C. Code Ann. § 16-5-50(d). The law in Tennessee at the time the Defendant committed the offense of harboring a fugitive stated, "[a] person is an accessory after the fact who, after the commission of a felony, with knowledge or reasonable ground to believe that the offender has committed the felony, and with the intent to hinder the arrest, trial, conviction or punishment of the offender[] … [h]arbors or conceals the offender." T.C.A. § 39-11-411(a)(1). The record reflects that the trial court properly considered the elements of both of these offenses in determining that the harboring a fugitive conviction would constitute a felony in Tennessee. Additionally, accessory after the fact is a Class E felony, which is only one class below the Defendant's conviction for reckless aggravated assault, a Class D felony. T.C.A. §§ 39-11-411(c); 39-13-102(e)(1)(A)(v); 40-35-106(a)(1). Accordingly, the trial court properly determined that the harboring a fugitive conviction is a felony for purposes of determining whether the Defendant is a Range II offender.

We also note that the Defendant unequivocally conceded during the sentencing hearing that his conviction for assault and battery of a high and aggravated nature would qualify as a felony in Tennessee. The Defendant, thus, has waived this argument on appeal. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action

was reasonably available to prevent or nullify the harmful effect of an error."); Tenn. R. App. P. 3(e).

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.


_____
JOHN EVERETT WILLIAMS, JUDGE