IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 5, 2022 Session

**STATE OF TENNESSEE v. DARIUS HENDERSON**

**Appeal from the Circuit Court for Madison County**
**No. 20-441    Donald H. Allen, Judge**

_____

**No. W2020-01725-CCA-R3-CD**

_____

Defendant, Darius Henderson, was convicted following a jury trial of one count of theft of property valued over $2,500 but less than $10,000 (Count 1) and one count of evading arrest while operating a vehicle (Count 2).  Based on Defendant's prior Tennessee convictions and a Georgia conviction, the trial court sentenced Defendant as a Range III persistent offender to consecutive sentences of twelve years in Count 1, and six years in Count 2.  On appeal, Defendant argues that the trial court erred in sentencing him as a Range III persistent offender because he had only four prior Tennessee felonies and the State did not submit proof that Defendant's Georgia conviction qualified as a felony conviction in a foreign jurisdiction.  *See* T.C.A. §40-35-107.  Following our review, we reverse the judgment of the trial court and remand for Defendant to be sentenced as a Range II offender.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and J. ROSS DYER, JJ., joined.

Kendall Stivers Jones (on appeal), Franklin, Tennessee, and Greg Gookin (at trial), Jackson, Tennessee, for the appellant, Darius Henderson.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Matthew A. Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

*Trial Proof*

This case arises from the theft of Anthony McCurry's black 2008 Nissan Altima ("the Altima") from a Citgo gas station in Jackson, Tennessee on December 19, 2018. Mr. McCurry testified that he parked the Altima at the gas pumps, behind another vehicle, before he went inside the Citgo store. According to Mr. McCurry's testimony, he was inside the store "[m]aybe two minutes, three minutes." When Mr. McCurry exited the store, he began to talk with a friend, standing with his back toward the Altima. When he turned back toward the pump where he had left the Altima, it was gone. Another customer told Mr. McCurry that someone had gotten into the Altima and had driven it away. That customer drove Mr. McCurry in the direction that the Altima had been driven, and caught up with the Altima. Mr. McCurry called 9-1-1 while he and the customer followed the Altima.

When the traffic was "backed up," Mr. McCurry got out of the customer's car and approached the Altima. He unsuccessfully tried to open the door of his car, and the Altima "sped off through the light." Mr. McCurry was unable to follow the Altima. Mr. McCurry then went to a nearby Huck's Gas Station and spoke with two police officers about the Altima. Mr. McCurry testified that he did not know Defendant, nor had he given Defendant permission to drive his car.

Officer John Hasz of the Jackson Police Department was on patrol near Highland Avenue when he received a call over the radio that a stolen 2008 Nissan Altima was headed toward his direction. Soon after, Officer Hasz observed a person chasing a vehicle that matched that description. Officer Hasz got behind the Altima and initiated his blue lights. When the Altima did not pull over, Officer Hasz activated his siren. Officer Hasz pursued the Altima for approximately six minutes until the Altima was blocked by traffic. Officer Hasz approached the vehicle and observed Defendant in the driver's seat of the Altima, with no other passengers, removed Defendant from the vehicle and took him into custody. The Altima was returned to Mr. McCurry soon after.

Based on the foregoing evidence, the jury convicted Defendant of both counts charged in the indictment.

*Sentencing Hearing*

On September 5, 2019, the State filed a notice of request for enhanced punishment based on Defendant's prior record, and on July 27, 2020, the State filed a motion for consecutive sentencing. At the sentencing hearing, the State's only proof was the presentence report, which was entered without objection. The presentence report reflected

Defendant's four prior felony convictions in Tennessee, including: (1) theft of property over $1,000, a Class D felony at the time of the conviction in 2016; (2) theft of property over $500 but less than $1,000, a Class E felony at the time of the conviction in 2013; (3) statutory rape, a Class E felony; and (4) aggravated robbery, a Class B felony.

Defendant testified that he had been in jail since December 2018 and explained that he had been diagnosed as comorbid schizophrenic with social anxiety disorder. Defendant testified that he also had a drug abuse problem with methamphetamine and marijuana. According to Defendant's testimony, he was not taking his mental health medications at the time of the offense but had instead been using drugs.

The State argued that Defendant was a Range II offender for purposes of sentencing because he had four prior felony convictions in Tennessee. The trial court inquired about Defendant's 2016 Georgia convictions for "Criminal Damage to Property – 2nd Degree, Terroristic Threats and Simple Battery", which also appeared in the presentence report. In response, the State presented a copy of the indictments in Defendant's Georgia case, as well as a certified copy of the resulting convictions. The convictions reflected that the damage "exceeded $500" and the offenses all occurred on or about July 22, 2013. The indictment and conviction were for "criminal damage to property in the second degree, in violation of O.C.G.A. § 16-7-23." The State then argued that Defendant's Georgia convictions would have been misdemeanors under Tennessee law, based upon the State's reading of the indictment in the matter and the elements of the Georgia statute. The trial court agreed that the convictions for terroristic threats should not be used to establish Defendant's range, but took the issue of sentencing range regarding the foreign convictions under advisement and rescheduled the sentencing hearing for September 14, 2020.

When the trial court reconvened on September 14, 2020, Defendant called Temeka Patterson to testify on his behalf. Ms. Patterson testified that she had been friends with Defendant since 2006 and that she knew that he had mental health issues. Defendant submitted into evidence, without objection, a letter from Pathways, which stated that Defendant had been diagnosed with "unspecified schizophrenia spectrum, another psychotic disorder," and had seen a nurse practitioner for medication. The letter further noted that Defendant was an active patient at the time of his sentencing hearings.

The trial court explained that it had considered the requisite sentencing criteria under Tennessee Code Annotated section 40-35-210 and found that Defendant had four prior felony convictions in Tennessee. However, the trial court announced that it would sentence Defendant as a Range III offender because it considered Defendant's foreign conviction out of Georgia for "criminal damage to property in the second degree" to qualify as a felony in Tennessee. In pertinent part, the trial court stated the following:

According to these judgments, Defendant received a total effective sentence of four years and was placed on probation. Now, I did notice, according to these judgments, he was facing 25 years in prison for those terroristic threats and three counts of terroristic threats, criminal damage to property, which was about, I think, $2,500, which would be a felony in Tennessee. So, certainly, I find that to be a felony in Tennessee because it involved restitution. It says to pay restitution in the amount of $2,010.95 and stay away from the Cash America Pawn Shop. So, again, there's no question in my mind, it says he received a four-year sentence, to serve 60 days in jail, and was placed on probation for the balance.

The trial court ordered Defendant to serve twelve years as a Range III offender on Count 1 for theft of property valued at $2,500-$10,000, a Class D felony, and six years to serve on Count 2 for evading arrest in a vehicle, a Class E felony. Both sentences were maximum in-range sentences and were ordered to run consecutively to each other.

Defendant filed a timely motion for new trial in which he raised as error the trial court's finding that he was a Range III offender rather than a Range II offender. Defendant's argument challenged the trial court's finding that his 2016 Georgia conviction for "criminal damage to property in the second degree" would have qualified as a felony in Tennessee at the time of the offense.

At the hearing on the motion for new trial on December 3, 2020, the trial court found that it had properly determined that Defendant's Georgia conviction would have qualified as a felony in Tennessee, and stated the following in denying the motion for new trial:

He was convicted of criminal damage to property in the second degree and received a four-year sentence. I did determine that that was a felony in the State of Tennessee because of the fact that the restitution, according to the judgments and according to the plea agreement, the restitution was to be paid in the amount of $2,010.95. That was the amount, which would indicate that that was an amount greater than $1,000.

So, certainly, that would appear to be equivalent to, I guess, our vandalism of property over $1,000, which is a felony in the State of Tennessee. That's what I found, and I'll stand by what I said at the sentencing hearing with respect to that being a felony conviction.

- 4 -

I mean, even the judgments indicate the final disposition was a felony with probation out of the State of Georgia.

This timely appeal follows.

## Analysis

On appeal, Defendant argues that the trial court erred when it sentenced him as a Range III offender when he had only four prior felony convictions in Tennessee. Defendant specifically argues that, in sentencing him as a Range III offender, the trial court erred in its application of Tennessee Code Annotated section 40-35-210 by finding that the State had satisfied its burden of proving that Defendant's foreign conviction would have constituted a felony in Tennessee. The State argues that the trial court did not err in finding that Defendant was a Range III offender because the trial court correctly determined that Defendant's Georgia conviction constituted a felony in Tennessee. We agree with Defendant.

The trial court may sentence a defendant as a Range III persistent offender when the defendant has received "any combination of five (5) or more prior felony convictions within the conviction class or higher or within the next two (2) lower felony classes, where applicable. . . ." T.C.A. § 40-35-107(a)(1). "Prior convictions" include "convictions under the laws of any other state, government or country that, if committed in this state, would have constituted an offense cognizable by the laws of this state." *Id.* § 40-35-107(b)(5). In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given." *Id.* A defendant who is found by the court beyond a reasonable doubt to be a persistent offender shall receive a sentence within Range III. *Id.* § 40-35-107(c). The State bears the burden of establishing the appropriate sentencing range beyond a reasonable doubt. *See State v. Vick*, 242 S.W.3d 792, 796 (Tenn. Crim. App. 2007).

A Range II multiple offender is a defendant who has received:

(1) A minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class or within the next two (2) felony classes, where applicable; or

(2) One (1) Class A prior felony conviction if the defendant's conviction offense is a Class A or B felony.

- 5 -

T.C.A. § 40-35-106(a)(1), (2). A prior conviction is a conviction that has been adjudicated prior to the commission of the more recent offense for which sentence is to be imposed. *State v. Blouvett*, 904 S.W.2d 111, 113 (Tenn. 1995); *see also State v. Joseph John Henry Morrell*, No. E1999-00924-CCA-R3-CD, 2000 WL 218188, at *3 (Tenn. Crim. App, at Knoxville, Feb. 25, 2000).

The foreign conviction analysis involves three parts. First, a trial court must determine whether the foreign conviction was a "cognizable" offense under Tennessee law. *See* T.C.A. §§ 40-35-106(b)(5), -107(b)(5), -108(b)(5). Second, a trial court must determine whether the foreign conviction was a "named felony" in Tennessee. To qualify as a "named felony," a foreign felony conviction must have the exact same name as a crime that is currently a felony in Tennessee. *Id.* § 40-35-106(b)(5). Finally, if the foreign felony is not a named felony in Tennessee, a trial court is required to then analyze the elements of the foreign felony at the time of the defendant's conviction, to determine whether it "was analogous to a felony offense under Tennessee's law as it existed at the time it was committed." *Vick*, 242 S.W.3d at 795 (citing *State v. Brooks*, 968 S.W.2d 312, 313-14 (Tenn. Crim. App. 1997)). The length of sentence a defendant receives for an out-of-state conviction "is not determinative of what grade of felony the out-of-state offense might be assigned under Tennessee laws." *Id.* at 794.

The determinative factor for whether a foreign conviction constitutes a felony offense in Tennessee at the time of conviction "is the elements of the convicted offense, not the facts or the elements of the originally charged offense." *Id.* at 795. A foreign conviction cannot be used to elevate a defendant's range classification if it could be committed in several different ways, one of which would have constituted a misdemeanor rather than a felony under Tennessee law at the time of the foreign conviction. *Id.* at 794-95.

In *State v. Vick*, this court found that the State failed to carry its burden of proving a foreign conviction because it did not offer proof to show that the defendant's guilty plea was based upon the same facts alleged in the charging instrument. *Id.* at 796. Without proof of the underlying facts to support the conviction, there is no way to determine if the elements of the convicted offense are the equivalent of a felony in Tennessee. The State in *Vick* introduced:

> A certified copy of the defendant's South Carolina indictment for assault and battery with intent to kill, as well as a certified copy of the original arrest warrant and affidavit. . . which alleged that on September 13, 1973, the defendant committed the offense of assault and battery with the intent to kill by shooting a man four times with a short-barreled, .22 caliber rifle. Attached to the indictment was a

> judgment sheet showing that the defendant plead guilty on October 8, 1973, to the offense of assault and battery of a high and aggravated nature and received a sentence of eight years.

*Id.* Based upon this evidence, the trial court sentenced the defendant as a Range II offender, finding beyond a reasonable doubt that the defendant's South Carolina conviction would constitute a Class C felony in Tennessee. *Id.* On appeal, the *Vick* court held that the State had failed to meet its burden by neglecting to show proof of the facts underlying the actual conviction. *Id.* This court reasoned that introducing evidence of the mere existence of a prior foreign conviction is insufficient to satisfy the State's burden of proof under Tennessee Code Annotated section 40-35-106(b)(5). *Id.* at 794. The trial court must analyze the elements of the out-of-state offense in order to determine whether the offense was analogous to a felony offense under Tennessee's law as it existed at the time the offense was committed. *Id.* (citing *State v. Brooks*, 968 S.W.2d 312, 314 (Tenn. Crim. App. 1997)). The length of sentence a defendant receives for an out-of-state conviction is not determinative of what grade of felony the out-of-state offense might be assigned under Tennessee laws. *Id.* (citing *State v. Hill*, 175 S.E.2d 227 (S.C. 1970)). The name of a foreign offense is also not determinative where the offense may be committed in a number of ways, some of which would constitute less than a felony if committed in Tennessee. *Id.* (citing *Pope v. State*, 528 S.W.2d 54, 56 (Tenn. Crim. App. 1975)). The trial court must determine the specific elements of the crime for which the defendant was convicted in the foreign jurisdiction, and from that correctly determine that the classification is a felony in Tennessee. *Id.*

Here, the trial court erred in finding that the Georgia conviction was the equivalent of a Tennessee felony for purposes of increasing Defendant's range. The record does not support the finding that the offense to which Defendant pled guilty in Georgia was committed in a manner that would have constituted a felony in Tennessee. In fact, the Georgia conviction of "criminal damage to property in the second degree" could have been committed in a manner that would not have resulted in a felony conviction in Tennessee. There was no proof in the record of the specific elements of the conviction offense. Because the trial court relied on the term of the sentence and the amount of restitution and did not properly conduct the analysis outlined in *Vick,* the court erred in sentencing Defendant as a Range III offender. Thus, we remand for Defendant to be sentenced as a Range II offender.

**Conclusion**

Based on the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
JILL BARTEE AYERS, JUDGE