IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2018

**STATE OF TENNNESSEE v. JASPER LEE VICK**

**Appeal from the Criminal Court for Shelby County**
**No. 02-09113      Chris Craft, Judge**

_____

**No. W2018-00823-CCA-R3-CD**

_____

A Shelby County jury convicted the Defendant, Jasper Lee Vick, of one count of especially aggravated kidnapping, two counts of aggravated kidnapping, and one count of sexual battery. The trial court merged his convictions for aggravated kidnapping into his conviction for especially aggravated kidnapping and sentenced the Petitioner, as a Range II offender, to an effective sentence of forty years of incarceration. After multiple appeals and remands, this court ordered that the Defendant be sentenced as a Range I offender and reduced his sentence to twenty-six years. *State v. Vick*, 242 S.W.3d 792, 795 (Tenn. Crim. App. 2007). The Defendant filed this, his second Rule 36.1 motion to correct an illegal sentence, and asked the trial court to credit him for pretrial jail credits. The trial court denied the Defendant's motion, finding that his judgments appeared correct. On appeal, the Defendant maintains that he has not been awarded the proper amount of jail credits. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jasper Lee Vick, Clifton, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

A Shelby County jury convicted the Defendant, Jasper Lee Vick, of one count of especially aggravated kidnapping, two counts of aggravated kidnapping, and one count of sexual battery for crimes he committed against the female child of a woman with whom he was living. The trial court merged his convictions for aggravated kidnapping into his conviction for especially aggravated kidnapping and sentenced the Defendant, as a Range II offender, to an effective sentence of forty years of incarceration.[1] On appeal, this court affirmed the Defendant's convictions but remanded the case for resentencing to determine whether the Defendant's prior convictions classified him as a Range II offender. *State v. Jasper Lee Vick*, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at *1 (Tenn. Crim. App., at Jackson, Mar. 22, 2006). On remand the trial court determined that the Defendant was a Range II offender, the Defendant again appealed, and this court reversed, remanding the case for the Defendant to be sentenced as a Range I offender. *State v. Vick*, 242 S.W.3d 792, 795 (Tenn. Crim. App. 2007). On remand, the trial court sentenced him as a Range I offender to twenty-six years in prison. *Id.*

The Defendant filed a petition for post-conviction relief in which he alleged that he had received the ineffective assistance of counsel at trial. *Jasper Lee Vick v. State*, No. W2012-01477-CCA-R3-PC, 2013 WL 2446280 (Tenn. Crim. App., at Jackson, June 4, 2013), *no Tenn. R. App. P. 11 application filed.* The post-conviction court dismissed the petition, and this court affirmed. *Id.*

On August 15, 2017, the Defendant filed a *pro se* motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In that motion, he alleged that the court clerk failed to sign his indictments, thus rendering his sentences for the convicted offense illegal. *State v. Jasper Lee Vick*, No. W2017-02164-CCA-R3-CD, 2018 WL 2406011, at *2 (Tenn. Crim. App., at Jackson, May 25, 2018), *no Tenn. R. App. P. 11 application filed.* This court concluded that a Rule 36.1 motion was not the appropriate forum for the Defendant's claim because challenges to defects in the form of the indictment must be raised prior to trial in order to avoid waiver of the same. This court additionally found:

> [T]he [D]efendant's claim fails in the context of Rule 36.1 as his argument does not raise a fatal issue in sentencing. The record indicates the [D]efendant twice appealed his sentences to this Court, after which the trial court properly sentenced him as a Range I offender to an effective sentence of twenty-six-years for his convictions. Relying on our above analysis, the [D]efendant has failed to show how his sentences are illegal, and his present claim is inappropriate for Rule 36.1 relief as it relates to an alleged

---

[1] The trial judge who had originally sentenced the Defendant had since retired, and a newly appointed judge heard the case on remand.

error in his indictments, rather than the legality of his sentences. The [D]efendant is not entitled to relief.

*Vick*, 2018 WL 2406011, *2.

The Defendant then filed a second *pro se* motion to correct an illegal sentence. In it, he alleged that he had not received all his applicable jail credits. He asserted that the trial court had failed at the time of sentencing to impose a final judgment so as to allow him to receive credit for the days that he had served in jail. The trial court summarily dismissed his motion, finding that it had previously entered other orders denying him relief and that his judgments appeared correct. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that he has not been credited with the appropriate number of jail credits. He asserts that, even though his sentences were ordered to run consecutively, his pretrial jail credits should apply to both sentences he received. He asserts that he served more than two years on his two-year jail sentence and that none of the time he served was applied to his twenty-four year sentence. In essence, he contends that he has been awarded 1,011 days of jail credit instead of the 1,587 days to which he believes he is entitled.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id*. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id*. In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. The court held that only fatal errors render sentences illegal. *Id*. A trial court may summarily

dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Our supreme court has held that "a trial court's failure to award pretrial jail credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (italics omitted). Accordingly, we conclude that the Defendant has not presented a colorable claim for relief. We further note, however, that the judgments of conviction show that the Defendant received 1,587 days of pretrial jail credit, the same number to which he says he is entitled. As the trial court noted, the judgments appear correct. The Defendant is not entitled to relief on this issue.

## III. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE