IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2007

**STATE OF TENNESSEE v. JASPER L. VICK**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-09113     Arthur T. Bennett, Judge**

_____

**No. W2006-01606-CCA-R3-CD  - Filed June 26, 2007**

_____

The defendant, Jasper L. Vick, appeals his sentencing classification as a Range II offender, arguing that the State failed to prove beyond a reasonable doubt that the criminal conduct leading to his South Carolina conviction for aggravated assault of a high and aggravated nature would have constituted a Class C felony in Tennessee. Following our review, we reverse the judgment of the trial court and remand for the defendant to be sentenced as a Range I offender.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID G. HAYES, J., joined.

Robert L. Parris, Memphis, Tennessee, for the appellant, Jasper L. Vick.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Chris Scruggs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant was convicted of especially aggravated kidnapping and sexual battery and was sentenced as a Range II, multiple offender to an effective sentence of forty years in the Department of Correction. In determining that the defendant was a multiple offender, the trial court relied in part on the defendant's 1973 guilty plea conviction in South Carolina to the crime of "assault and battery of a high and aggravated nature." On direct appeal, this court affirmed the convictions and the trial court's application of enhancement factors and imposition of consecutive sentencing. See State v. Jasper L. Vick, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at *1 (Tenn. Crim. App. Mar.

22, 2006). However, we remanded for the trial court to determine whether the specific elements of the defendant's South Carolina conviction would have constituted a Class C felony in Tennessee under the state of the law as it existed at the time of the offense. Id. at *11. As we explained:

Merely establishing the existence of Defendant's prior South Carolina conviction, however, is not sufficient to satisfy the State's burden of proof under Tennessee Code Annotated section 40-35-106(b)(5). The South Carolina offense of assault and battery of a high and aggravated nature is not a named felony in Tennessee. Thus, in order to use this conviction to elevate Defendant's range classification, the trial court was required to analyze the elements of the out-of-state offense in order to determine whether the offense of assault and battery of a high and aggravated nature was analogous to a felony offense under Tennessee's law as it existed at the time the offense was committed. See id. § 40-35-106(b)(5); [State v.] Brooks, 968 S.W.2d [312,] 313-14 [(Tenn. Crim. App. 1997)].

The trial court did not, however, compare the elements of the South Carolina offense to a comparable offense in Tennessee, but concluded that the South Carolina offense would have been a Class C felony in Tennessee based apparently on the offense's name and the length of Defendant's sentence for that offense.

The length of sentence a defendant receives for an out-of-state conviction, however, is not determinative of what grade of felony the out-of-state offense might be assigned under Tennessee laws, and, as in the case *sub judice*, may even be misleading. The common law offense of assault and battery of a high and aggravated nature is a misdemeanor in South Carolina. [State v.] Hill, 175 S.E.2d [227,] 231-32 [(S.C. 1970)]. Although sentences for misdemeanor convictions in Tennessee may not exceed eleven months, twenty-nine days, the South Carolina misdemeanor assault and battery offense is punishable by up to ten years in prison. See State v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000).

Nor is the name of the South Carolina offense particularly helpful. The offense of assault and battery of a high and aggravated nature is defined by South Carolina courts as "'an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, the great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others.'" Hill, 175 S.E.2d at 230 (quoting State v. Johnson, 198 S.E.2d 1, 2 (S.C. 1938)). Thus, the offense may be committed in any number of ways, some of which would constitute less than a Class C felony if committed in Tennessee. See, e.g., Tenn. Code Ann. § 39-3104 (repealed 1989) (Resisting officer serving process is a misdemeanor offense); Pope

v. State, 528 S.W.2d 54, 56 (Tenn. Crim. App. 1975) (Common law offense of interfering with an officer while performing his duties is a misdemeanor).

The record does not indicate the particular aggravating circumstance which supported Defendant's South Carolina conviction for assault and battery of a high and aggravated nature. Without such factual findings by the trial court, it is impossible to know whether Defendant's criminal conduct in South Carolina would have constituted a felony in Tennessee, or, if so, whether the offense was of a sufficient grade to elevate Defendant's range classification. See, e.g., Reese v. State, 457 S.W.2d 877, 880-81 (Tenn. Crim. App. 1970) (noting distinctions between felonious assault with intent to kill and misdemeanor assault and battery).

At the time of Defendant's conviction in 1990, the offense of aggravated assault in Tennessee was a Class C felony and may be considered in determining Defendant's range classification. See Tenn. Code Ann. § 39-13-102(b) (1990). Based on the foregoing with regard to the South Carolina conviction, however, we reverse the judgments insofar as they impose Range II sentencing, and remand for a new sentencing hearing. Before imposing a Range II sentence based in part upon Defendant's South Carolina conviction, the trial court must determine the specific elements of the crime *for which Defendant was convicted* in South Carolina, and from that determine correctly that the classification is no less serious than a Class C felony in Tennessee. *The determinative factor is the elements of the conviction offense, not the facts or the elements of the originally charged offense.*

Id. at *10-11 (emphasis added).

At the July 18, 2006, resentencing hearing, the State introduced a certified copy of the defendant's South Carolina indictment for assault and battery with intent to kill, as well as a certified copy of the original arrest warrant and affidavit associated with the case, which alleged that on September 13, 1973, the defendant committed the offense of assault and battery with the intent to kill by shooting a man four times with a short-barreled, .22 caliber rifle. Attached to the indictment was a judgment sheet showing that the defendant pled guilty on October 8, 1973, to the offense of assault and battery of a high and aggravated nature and received a sentence of eight years. Based on this evidence, the trial court found beyond a reasonable doubt that the defendant's South Carolina conviction would constitute at least a Class C felony in Tennessee. Accordingly, the trial court resentenced the defendant as a Range II offender. Thereafter, the defendant filed a timely appeal to this court.

## ANALYSIS

The defendant argues on appeal that the trial court erred by relying on the facts alleged in the original arrest warrant, which led to the charge of assault and battery with the intent to kill, when he in fact pled guilty to the lesser charge of assault and battery of a high and aggravated nature. He

asserts that "without some memorialized recitation of the facts surrounding the conviction, not the original charge, the State cannot prove any analogous or comparable Tennessee statute beyond a reasonable doubt." We agree with the defendant.

The trial court may sentence a defendant as a Range II, multiple offender when it finds beyond a reasonable doubt that the defendant has received "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." Tenn. Code Ann. § 40-35-106(a)(1) (2006). "Prior convictions include convictions under the laws of any other state, government, or country which, if committed in this state, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given." Tenn. Code Ann. § 40-35-106(b)(5).

As we observed when this case first came before us on direct appeal, it is the State's burden to prove beyond a reasonable doubt that the defendant has the requisite number of prior felonies to establish the sentencing range. See Jasper L. Vick, 2006 WL 722173, at *9 (citing State v. Charles Eberhardt, No. 03C01-9307-CR-00230, 1994 WL 46511, at *2 (Tenn. Crim. App. Feb. 17, 1994). Here, the State failed to meet that burden, as it did not introduce evidence to show that the defendant's guilty plea to assault and battery of a high and aggravated nature was based on the same facts alleged in the arrest warrant that charged him with assault and battery with intent to kill. Without proof of the facts underlying the actual conviction, such as the transcript of the defendant's guilty plea hearing, there is no way to determine whether the elements of the defendant's conviction offense would be the equivalent of a Class C felony in Tennessee.

We recognize that, given the passage of time between the defendant's plea of guilty and the State's seeking information as to his offense, records regarding the specific facts to which he admitted guilt may have become unavailable. This fact, however, does not alter the necessity of such evidence.

Accordingly, since the State was unable to show the specific elements of the conviction offense, it remains unknown whether the facts to which the defendant pled guilty would constitute a crime in Tennessee. Thus, we remand for the defendant to be sentenced as a Range I offender.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE

-4-