# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JASPER LEE VICK v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 09-02-0429      Joe H. Walker, Judge**

---

**No. W2009-01420-CCA-R3-HC  - Filed December 16, 2009**

---

The petitioner, Jasper Lee Vick, appeals the Hardeman County Circuit Court's summary dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that we affirm the lower court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to establish that his convictions are void or his sentences illegal, we conclude that the State's motion is well-taken. Accordingly, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Jasper Lee Vick, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner, Jasper Lee Vick, was convicted of especially aggravated kidnapping and sexual battery and was originally sentenced as a Range II, multiple offender to an effective sentence of forty years in the Department of Correction. In the first direct appeal, this court affirmed the petitioner's convictions but remanded for the trial court to determine whether the specific elements of the petitioner's South Carolina conviction for "aggravated assault of a high and aggravated nature," on which the trial court relied for the petitioner's Range II classification, would have constituted a Class C felony in Tennessee under the law as it existed at the time of the offense. See State v. Jasper L. Vick, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at *10-11 (Tenn. Crim. App. Mar. 22, 2006).

At the resentencing hearing, the State introduced a certified copy of the petitioner's indictment and arrest warrant, which showed that he had been charged with assault and battery with intent to kill. State v. Vick, 242 S.W.3d 792, 795 (Tenn. Crim. App. 2007). The trial court, therefore, concluded that the petitioner's South Carolina conviction would have constituted at least a Class C felony in Tennessee and resentenced the petitioner as a Range II offender. Id. In response, the petitioner filed a second direct appeal, as well as a petition for writ of habeas corpus, in which he again challenged his range classification. Jasper Lee Vick v. State, No. W2006-02172-CCA-R3-HC, 2008 WL 80580, at *1 (Tenn. Crim. App. Jan. 8, 2008). On direct appeal, this court reversed the trial court and remanded for the petitioner to be resentenced as a Range I offender due to the State's failure to prove that the petitioner's guilty plea was based on the same facts as those alleged in his arrest warrant. Vick, 242 S.W.3d at 796. On the other hand, we affirmed the summary dismissal of his petition for writ of habeas corpus on the basis that the petitioner's challenge to his sentence classification was not cognizable in a habeas corpus petition. Jasper Lee Vick, 2008 WL 80580, at *2.

In May 2009, the petitioner filed a second petition for writ of habeas corpus in which he alleged that his convictions and sentences were illegal and void "due to illegal process and proceedings leading up to conviction(s) that was [sic] based on fraud, deceit, and conspiracy to violate rights that are guaranteed to ALL Citizens of the United States of America." Specifically, the petitioner alleged, *inter alia*, that he was illegally extradited to Tennessee from Arkansas, that the prosecutor vindictively dismissed the original indictment and obtained a superseding indictment in order to increase the charges against him, that he was denied the opportunity to testify before the grand jury, and that the prosecutor, trial judge, and defense attorneys conspired together to deprive him "of his Constitutional Rights and Liberty" because he asserted his right to a speedy trial. On June 8, 2009, the habeas court entered an order summarily dismissing the petition on the grounds that the petitioner's allegations did not entitle him to habeas corpus relief.

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

We conclude that the habeas corpus court's summary dismissal of the petition was proper. It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner has failed to meet his burden of showing that his judgments are void or his sentences expired. None of his allegations, even if true, would result in a void judgment. Accordingly, the habeas court properly dismissed the petition without a hearing.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE