IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. JASPER L. VICK

**Appeal from the Criminal Court for Shelby County**
**No. 01-11060, 02-09113    Paula L. Skahan, Judge**

_____

### No. W2018-01616-CCA-R3-CD

_____

The pro se Appellant, Jasper L. Vick, appeals the Shelby County Criminal Court's dismissal of his motion to correct an illegal sentence. The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the Appellant has failed to establish that his sentence is illegal, we conclude that the State's motion is well-taken. Accordingly, we affirm the summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Jasper L. Vick, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant was convicted of one count of especially aggravated kidnapping, two counts of aggravated kidnapping, and one count of sexual battery and was sentenced as a Range II, multiple offender to an effective forty-year sentence. State v. Jasper L. Vick, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at *1 (Tenn. Crim. App. Mar. 22, 2006). On direct appeal, his convictions were affirmed, but this Court remanded to the trial court to determine whether the elements of his conviction in another state constituted a Class C felony in Tennessee. Id. at *11.

On remand, the trial court again sentenced the Appellant as a Range II offender, and the Appellant appealed. This Court determined that the Appellant should have been sentenced as a Range I offender. State v. Vick, 242 S.W.3d 792, 796 (Tenn. Crim. App. 2007). On remand, he received a total effective twenty-six year sentence. The Appellant sought post-conviction relief but was unsuccessful. See Jasper Lee Vick v. State, No. W2012-01477-CCA-R3-PC, 2013 WL 2446280 (Tenn. Crim. App. June 4, 2013).

On August 15, 2017, the Appellant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, contending that his sentences were illegal because his indictments were not signed by the court clerk. The trial court denied his motion, and this Court affirmed. State v. Jasper Vick, No. W2017-02164-CCA-R3-CD, 2018 WL 2406011, at *2 (Tenn. Crim. App. May 2, 2018). The Appellant then filed a second motion to correct an illegal sentence, arguing that he did not receive his applicable jail credits. That motion was denied and this Court again affirmed. State v. Jasper Lee Vick, No. W2018-00823-CCA-R3-CD, 2019 WL 328417, at *2 (Tenn. Crim. App. Jan. 23, 2019).

The Appellant thereafter filed a third Rule 36.1 motion in the trial court, asserting that his sentences were illegal. Although the motion is file-stamped, the date is not legible. The motion contains the same arguments presented in his previously denied motion. The State responded to the motion, asserting the claims presented were previously determined. The trial court agreed and entered an order denying relief on August 9, 2018. In particular, the court found that "the [m]otion now pending before the court is the same [m]otion previously ruled on by Division 8 of the Shelby County Criminal Court and affirmed by the appellate court."

In response to the State's motion to affirm pursuant to Rule 20, the Appellant references a "second" motion to correct an illegal sentence but does not indicate the date the second motion was allegedly filed. He attached the "second" motion to a pleading filed in this Court, but it is not file stamped and there is no indication it was ever filed in the trial court. Indeed, as noted above, both the State and the trial court noted that the pending motion was identical to the previously determined August 15, 2017 motion. The Appellant acknowledges that the "second" motion was not included in the appellate record, and he faults the State for failing to include the second motion. However, it is incumbent upon the appealing party to compile a record that accurately conveys what happened in the trial court with respect to the issues presented on appeal. Tenn. R. App. P. 24(b). Despite being aware of this alleged deficiency at the time he received and reviewed the record, the Appellant took no action to supplement the record. See Tenn. R. App. P. 24(e). Although pro se litigants are afforded more leniency than attorneys, they must comply with the same substantive and procedural rules as represented parties. See State v. James John Lewis, No. M2011-00302-CCA-R3-CD, 2011 WL 5573244, at *2

- 2 -

(Tenn. Crim. App. Nov. 15, 2011).  Ultimately, there is no evidence that the "second" motion was ever filed or ruled upon by the trial court, and the motion included in the record advances the same arguments that this Court previously rejected; thus, the Appellant is not entitled to relief.  See Jasper Vick, 2018 WL 2406011, at *2.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE