IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 27, 2021, at Knoxville

## STATE OF TENNESSEE v. JASPER LEE VICK

**Appeal from the Criminal Court for Shelby County**
No. 02-09113          Chris Craft, Judge
_____

## No. W2020-01130-CCA-R3-CD
_____

The petitioner, Jasper Lee Vick, appeals from the summary dismissal of his petition for post-conviction DNA analysis. Following our review, we affirm the judgment of the post-conviction court summarily dismissing the petition.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. Ross Dyer, J., delivered the opinion of the court, in which Norma McGee Ogle and Timothy L. Easter, JJ., joined.

Jasper Lee Vick, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

In 2005, a Shelby County jury convicted the petitioner of one count of especially aggravated kidnapping, two counts of aggravated kidnapping, and one count of sexual battery, and the trial court subsequently sentenced the petitioner to an effective sentence of forty years in confinement as a Range II, multiple offender. *State v. Jasper L. Vick*, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at *1 (Tenn. Crim. App. Mar. 22, 2006). On direct appeal, this Court affirmed the petitioner's convictions but remanded to the trial court to determine whether the elements of his conviction in another state constituted a Class C felony in Tennessee. *Id.* at *11. Upon remand, the trial court again sentenced the petitioner as a Range II offender. *State v. Vick*, 242 S.W.3d 792, 795 (Tenn. Crim. App.

2007).  The petitioner appealed, and this Court instructed the trial court to sentence the petitioner as a Range I offender, resulting in an effective sentence of twenty-six years.  *Id.* at 796.

The petitioner filed two petitions for writ of habeas corpus.  Both petitions were denied by the trial court and affirmed by this Court.  *See Jasper Lee Vick v. State*, No. W2009-01420-CCA-R3-HC, 2009 WL 4826946 (Tenn. Crim. App. Dec. 16, 2009); *Jasper Lee Vick v. State*, No. W2006-02172-CCA-R3-HC, 2008 WL 80580 (Tenn. Crim. App. Jan. 8, 2008).  Additionally, the petitioner sought post-conviction relief but was unsuccessful.  *See Jasper Lee Vick v. State*, No. W2012-01477-CCA-R3-PC, 2013 WL 2446280 (Tenn. Crim. App. June 4, 2013).

The petitioner then filed a series of unsuccessful motions to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his indictments were not signed by the court clerk and that he did not receive his applicable jail credits.  In each case, the trial court denied the petitioner's motion, and this Court affirmed.  *See State v. Jasper L. Vick*, No. W2018-01616-CCA-R3-CD, 2019 WL 2323904 (Tenn. Crim. App. May 31, 2019); *State v. Jasper Lee Vick*, No. W2018-00823-CCA-R3-CD, 2019 WL 328417 (Tenn. Crim. App. Jan. 23, 2019); *State v. Jasper Vick*, No. W2017-02164-CCA-R3-CD, 2018 WL 2406011 (Tenn. Crim. App. May 2, 2018).

On June 11, 2020, the petitioner filed a petition for post-conviction relief requesting DNA analysis pursuant to Tennessee Code Annotated section 40-30-304.  Specifically, the petitioner sought testing of the comforter from the victim's bed for the presence of DNA from the victim or the victim's mother.  The petitioner argued that "the fact that none of the alleged victim's DNA was [] found on any of the evidence should have raise[d] doubts as to [the petitioner's] guilt, and an expert might/could have argued and gone a long way toward [the petitioner's] innocence."

In its July 14, 2020 order summarily dismissing the petition for DNA analysis, the post-conviction court concluded the petitioner failed to establish that his case fit within the parameters of the Post-Conviction DNA Analysis Act.  Among other things, the court noted that DNA analysis had been performed in this case, and evidence identifying the petitioner as the perpetrator was presented at trial.  The post-conviction court also noted that, although the evidence was not tested for either the victim's or her mother's DNA, "the presence or absence of their DNA would not have been exculpatory to the extent that the petitioner would not have been prosecuted or convicted."  This appeal followed.

*Analysis*

On appeal, the petitioner contends the post-conviction court erred in dismissing his petition for post-conviction DNA analysis. Specifically, the petitioner argues, because Agent Donna Nelson with the Tennessee Bureau of Investigation was unable to testify to the order in which the stains on the comforter occurred, she was not qualified to test the evidence. The petitioner requests that "a qualified expert" conduct "[p]roper testing for [both] the presence of a Labrador Golden Retriever who may [be] one of the unidentified males" detected on the comforter as well as for the presence of the victim and the victim's mother's DNA. The State contends the post-conviction court properly dismissed the petition.

The Post-Conviction DNA Analysis Act of 2001 provides that

a person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of any of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303. A post-conviction court is obligated to order DNA analysis when a petitioner has met each of the following requirements:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304. The post-conviction court is afforded considerable discretion in its decision regarding whether to grant a petitioner relief under the Post-Conviction DNA Analysis Act, and this Court will not reverse its judgment unless it is unsupported by substantial evidence. *See Sedley Alley v. State*, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *3 (Tenn. Crim. App. May 26, 2004), *perm. app. denied* (Tenn. Oct. 4, 2004).

The evidence in question, the comforter from the victim's bed, was tested prior to the petitioner's trial, and the testing clearly showed that the petitioner's DNA was on the comforter, along with two unidentified individuals. Although the petitioner argues the comforter was not tested for the presence of the victim's or the victim's mother's DNA and suggests one of the unidentified individuals was his dog, we fail to see how additional testing, and even the discovery of DNA from those sources, would lessen the potential for his guilt, especially in light of the fact that the defendant's DNA was found in the original tests. Moreover, the jury heard testimony from Agent Nelson that DNA from two unidentified individuals was detected on the comforter and still found the petitioner guilty. Accordingly, we agree with the post-conviction court that the petitioner has failed to establish that a reasonable probability exists that he would not have been prosecuted or convicted if DNA analysis had revealed the presence the victim's, the victim's mother's, or his dog's DNA on the comforter. The petitioner is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition for post-conviction DNA analysis.

_____
J. ROSS DYER, JUDGE