IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 3, 2021 Session

**STATE OF TENNESEE v. JASPER LEE VICK**

**Appeal from the Criminal Court for Shelby County**
**No. 02-09113          Chris Craft, Judge**

_____

**No. W2020-00772-CCA-R3-CD**
_____

The pro se Petitioner, Jasper Lee Vick, appeals the summary dismissal of his fourth "Motion to Correct Illegal Sentence." Upon our review, we affirm the summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Jasper Lee Vick, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

A Shelby County Criminal Court jury convicted the Petitioner of one count of especially aggravated kidnapping, two counts of aggravated kidnapping, and one count of sexual battery. The Petitioner was sentenced as a Range II, multiple offender to an effective forty-year sentence. State v. Jasper L. Vick, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at *1 (Tenn. Crim. App. Mar. 22, 2006). This court affirmed his convictions on direct appeal but remanded to the trial court to determine whether the "specific elements of the crime for which the Defendant was convicted in South Carolina" amounted to a Class C felony in Tennessee. Id. at *11. On remand, the trial court again classified the Petitioner as a Range II, multiple offender, and the Petitioner again appealed. This court determined on appeal that the trial court should have classified the Petitioner as a Range I offender and again remanded the case to the trial court. State v. Vick, 242 S.W.3d 792, 796 (Tenn. Crim. App. 2007). On remand, the trial court imposed an effective twenty-

six-year sentence.  The Petitioner filed an unsuccessful pro se petition for post-conviction relief in 2008.  Jasper Lee Vick v. State, No. W2012-01477-CCA-R3-PC, 2013 WL 2446280 (Tenn. Crim. App. June 4, 2013).

The Petitioner filed his first pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 on August 15, 2017.  In the motion, the Petitioner asserted that his sentences were illegal due to the court clerk failing to sign his indictments.  The trial court summarily dismissed the motion, and this court affirmed the dismissal.  State v. Jasper Vick, No. W2017-02164-CCA-R3-CD, 2018 WL 2406011, at *2 (Tenn. Crim. App. May 2, 2018).  Thereafter, the Petitioner filed a second pro se motion to correct an illegal sentence, this time alleging that he did not receive correct jail credits.  The trial court again summarily dismissed the motion, and this court affirmed the dismissal.  State v. Jasper Lee Vick, No. W2018-00823-CCA-R3-CD, 2019 WL 328417, at *2 (Tenn. Crim. App. Jan. 23, 2019).  The Petitioner filed a third pro se motion for correction of an illegal sentence, which was identical to his motion filed on August 15, 2017.  State v. Jasper L. Vick, No. W2018-01616-CCA-R3-CD, 2019 WL 2323904, at *1 (Tenn. Crim. App. May 31, 2019).  The State responded that the issues contained in the motion had already been determined, and the trial court dismissed the motion.[1]  This court affirmed the dismissal on appeal.  Id.

On April 13, 2020, the Petitioner filed his fourth motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, asserting that the trial court "erroneously imposed consecutive sentences" and "used enhancement factors established by 'a preponderance of the evidence' to elevate [his] sentence."  The trial court entered an order summarily denying the motion on May 12, 2020, concluding that "the sentence given the [Petitioner] was within the statutory limits, and was not void or 'illegal.'"  It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner again argues that the trial court erred in summarily denying his motion by "erroneously impos[ing] consecutive sentences" and "us[ing] enhancement factors established by 'a preponderance of the evidence' to elevate [his] sentence in violation of the sixth and fourteenth amendments[.]"

---

[1]As noted by this court in its opinion, the Petitioner asserted that he filed a different motion to correct an illegal sentence that was not identical to the August 15 motion.  However, such motion was not included in the record on appeal, and this court concluded that there was "no indication it was ever filed in the trial court."  Jasper L. Vick, 2019 WL 2323904, at *1.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

Our supreme court has concluded that there are three types of sentencing errors: clerical errors, appealable errors, and fatal errors. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Clerical errors arise from a simple mistake in filling out information in the judgment document. Id. Appealable errors arise where the sentencing statutes provide for a right to a direct appeal of the sentencing decision and "generally involve attacks on the correctness of the methodology by which a trial court imposed [the] sentence." Id. (internal citation omitted). For a sentence to be deemed an "illegal sentence," it must be the result of a fatal error, which renders a sentence illegal and void. Id. "This category consists of any sentence 'that is not authorized by the applicable statutes or that directly contravenes an applicable statute.'" Id.

Even if we consider the Petitioner's assertions as true and view them in the light most favorable to him, Rule 36.1 does not warrant relief. In the instant case, the Petitioner only alleges appealable errors, rather than the requisite fatal ones, and, consequently, his assertions are not cognizable in a Rule 36.1 proceeding. See Wooden, 478 S.W.3d at 595-96 (noting that "a trial court's erroneous 'consideration of . . . enhancement factors' [i]s the type of error that must be addressed on direct appeal because it does not render the sentence illegal" (quoting Cantrell, 346 S.W.3d at 451)); State v. Rickie Reed, No. W2016-02119-CCA-R3-CD, 2017 WL 781739, at *3 (Tenn. Crim. App. Feb. 28, 2017) (holding that because the trial court was authorized by law to impose consecutive sentences based on its finding that the petitioner was a dangerous offender, the assertion that the trial court erred in imposing consecutive sentences was not a cognizable Rule 36.1 claim); State v. Robert Guerrero, No. M2016-00481-CCA-R3-CD, 2017 WL 2417109, at *2 (Tenn. Crim. App. June 5, 2017), perm. app. denied (Tenn. Sept. 21, 2017) (stating that a trial court's error in its "methodology and reason for imposing . . . consecutive sentences" does not render sentences illegal for the purposes of Rule 36.1).

Furthermore, we note that regardless of whether the Petitioner's claims were cognizable under 36.1, his arguments regarding the use of enhancement factors and consecutive sentencing have previously been determined adversely to him. See Jasper L. Vick, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at *11-13. On direct appeal, this court upheld the trial court's imposition of consecutive sentencing based on its finding that the Petitioner was a dangerous offender. Id. at *12-13. This court also found no error to exist in the trial court's application of enhancement factors. Id. at *11. "Rule 36.1 may not be used to relitigate those issues that have been previously determined." State v. Ricky Flamingo Brown, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at *2 (Tenn. Crim. App. Mar. 15, 2016), perm. app. denied (Tenn. Aug. 18, 2016). The Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE